Exhibit A

| District Court, Weld County, Colorado Court Address: 901 9th Ave. Greeley, CO 80631 | |
|---|---|
| **ALEXANDRIA SERNA,** **Plaintiff** v. **CIMARRON ENERGY, Inc., a foreign corporation,** **Defendant** | DATE FILED: June 4, 2020 4:24 PM FILING ID: 9973E42AB2C28 CASE NUMBER: 2020CV30395 ▲COURT USE ONLY▲ |
| **Responsible Attorney:** Kelli Riley, Esq. Riley Law LLC. 4689 20th St. Ste. E Greeley, Colorado 80634 Phone Number: 970-573-6442 E-mail: Kelli@RileyLawLLC.com Atty. Reg. #: 44828 | Case Number: Division |
| **SUMMONS** | |

**TO THE ABOVE NAMED DEFENDANT: CIMARRON ENERGY, Inc.**

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated: ___6/04/2020___

_/s/Kelli Riley_____
Signature of Plaintiff's Attorney

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING: A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has been filed and obtain the case number. If the plaintiff files the case within this time, then you must respond as explained in this summons.**

If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

| District Court, Weld County, Colorado<br>Court Address:<br>901 9th Ave.<br>Greeley, CO 80631 | DATE FILED: June 4, 2020 4:24 PM<br>FILING ID: 9973E42AB2C28<br>CASE NUMBER: 2020CV30395 |
|---|---|
| **ALEXANDRIA SERNA,**<br>**Plaintiff**<br><br>v.<br><br>**CIMARRON ENERGY, INC.,  a foreign corporation,**<br>**Defendant** | ▲COURT USE ONLY▲ |
| **Responsible Attorney:**<br>Kelli Riley, Esq.<br>Riley Law LLC.<br>4689 20th St. Ste. E<br>Greeley, Colorado 80634<br>Phone Number: 970-573-6442<br>E-mail: Kelli@RileyLawLLC.com<br>Atty. Reg. #: 44828 | Case Number:<br><br><br><br><br><br><br><br>Division |
| **COMPLAINT** ||

Plaintiff, AlexAndria Serna, by and through her counsel, Kelli Riley of Riley Law LLC, hereby files this Complaint and Jury Demand against Defendant, Cimarron Energy, and in support thereof, Plaintiff states as follows:

## I.     INTRODUCTION

Plaintiff was disciplined and terminated because she failed to conform to gender stereotypes and "lady-like" behavior among her male colleagues when she was trying to be collegial and build rapport. When she complained about being targeted by her coworkers and supervisor for this behavior, when male colleagues were not, she was terminated two weeks later in a reduction of force of one.

## II.     PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff AlexAndria Serna is and was a resident of the Weld County, State of Colorado and performed work for Defendant in Colorado during all relevant times.

2.      Plaintiff has exhausted all administrative prerequisites to the filing of this action.

3.      Plaintiff received a Notice of Right to Sue from the CCRD on March 6, 2020.

4.      Plaintiff received a Notice of Right to Sue on June 2, 2020 from the EEOC.

5.      Defendant Cimarron Energy is and was at all relevant times a corporation licensed to and doing business in the State of Colorado

6.      At all relevant times, Defendants were an "employer" within the meaning of Title VII.

7.      At all relevant times, Defendants were an "employer" within the meaning of the Colorado Anti-Discrimination Act.

8.      This Court has jurisdiction over this matter pursuant to COLO. REV. STAT. §§ 13-1-124(1).

9.      Venue is proper in this Court pursuant to Colo. R. Civ. P. 98(c) because Defendants are companies doing business in Weld County, Colorado, and all of the events complained of herein occurred in Weld County, Colorado.

## III.    FACTUAL ALLEGATIONS

10.     Plaintiff was an employee of Cimarron Energy.

11.     Ms. Serna began working for Cimarron Energy on March 18, 2019.

12.     Ms. Serna excelled at her work, and was increasing margins, meeting project deadlines, and was asked to do training at other facilities.

13.     April 23, 2019, Ms. Serna had a meeting with her supervisor, Larry De La Cruz, and received a written counseling. Many of the statements that formed the basis of the counseling were untrue and others were taken out of context.

14.     Many of those statements taken out of context were from joking, friendly conversations with coworkers. These coworkers also made similar comments, and all these coworkers were male.

15.     None of her coworkers were disciplined for their comments.

16.     Ms. Serna was not given an opportunity to respond to any of the allegations of improper behavior.

17.     On May 15, 2019 Arla Bradford, from Human Resources, approached Ms. Serna and told her she would be scheduling a "Communication Mediation" between Ms. Serna and two of her coworkers, Annette Sage and Teri Swain.

18.     Ms. Serna had come into a new role that took over some responsibilities from Ms. Sage and Ms. Swain and there was some lack of clarity about some of those roles.

19.     Ms. Serna expressed concern about the mediation being personal rather than professional, and asked to set an agenda for the mediation.

20.     Ms. Bradford cancelled the mediation and pulled Ms. Serna into a meeting with Ms. Bradford and Mr. De La Cruz.

21.     Ms. Bradford called Ms. Serna "combative" nearly a dozen times, called her "a bull in a china shop," and called her "unapproachable."

22.     Ms. Bradford asked Ms. Serna if she would like to resign.

23.     Ms. Serna asked for a list of objectives to complete to improve on, but never received that list.

24.     Concerned, Ms. Serna wrote a letter to Gary Buck around May 28, 2019 detailing her concerns and the steps taken by Ms. Bradford and Mr. De La Cruz up to that point.

25.     Ms. Serna specifically stated she felt she was being singled out and that she was trying to fit in to the culture and build a team.

26.     On June 12, 2019, two weeks later, Ms. Serna was the only employee who was laid off.

27.     Ms. Serna was one of only a small handful of female employees at Cimarron Energy.

28.     Ms. Serna came from a background of working in male-dominated industries and felt comfortable and confident navigating those industries.

29.     Ms. Sage and Ms. Swain complained about her unladylike demeanor and jokes, but not the inappropriate behavior of male coworkers.

30.     Only Ms. Serna was disciplined.

31.     Ms. Serna filed a charge of discrimination on July 24, 2019.

### FIRST CLAIM FOR RELIEF
### Sex Discrimination and Retaliation in Violation of CADA

32.     Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

33.     Plaintiff is a both woman and, as such, a member of the class of persons protected from sex discrimination under CADA.

34.     At all relevant times, Plaintiff performed the functions of her jobs competently and was qualified for her position with Defendant.

35.     Plaintiff was disciplined and terminated because of her sex and because she complained about being targeted for failing to conform to gender stereotypes.

36.     Plaintiff's sex was the motivating factors in Defendant's conduct causing Plaintiff's damages.

37.     Defendant is liable for the acts and omissions of its agents and employees. Defendant, by and through its agents, discriminated against Plaintiff on the basis of her sex.

38.     Defendant retaliated against Plaintiff when she engaged in protected activity by terminating her employment.

39.      As a result of Defendants' conduct, Plaintiffs have suffered significant injuries, damages, and losses.

40.      Defendant's conduct was engaged in with malice or with reckless indifference to Plaintiff's rights pursuant to CADA.

### SECOND CLAIM FOR RELIEF
### Discrimination on the Basis of Sex and Retaliation in Violation of 42 U.S.C § 1981, Title VII of the Civil Rights Act of 1964

41.     Plaintiff incorporates by reference all of the above paragraphs.

42.     Ms. Serna, as a woman, is a member of the class of persons protected from sex discrimination under 42 U.S.C § 1981, Title VII of the Civil Rights Act of 1964.

43.     At all relevant times, Plaintiff performed the functions of her job competently and was qualified for her position with Defendant.

44.     Plaintiff was terminated because of her sex.

45.     Plaintiff's sex was the motivating factors in Defendant's conduct causing her damages.

46.     Defendant is liable for the acts and omissions of its agents and employees. Defendant, by and through its agents, discriminated against Plaintiff on the basis of her sex.

47.     Defendant retaliated against Plaintiff when she engaged in protected activity by terminating her employment.

48.     As a result of Defendant's conduct, Plaintiff has suffered damages and losses.

49.     Defendant's conduct was engaged in with malice or with reckless indifference to Plaintiff's federally-protected rights within the meaning of Title VII.

### IV.            RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants, and award them all relief as allowed by law and equity, including, but not limited to the following:

a. Back pay, in amounts to be determined at trial;

b. Front pay, in lieu of reinstatement;

c. Compensatory and consequential damages, including but not limited to emotional distress damages, in amounts to be determined at trial;

d. Injunctive or equitable relief as appropriate;

e. Attorney's fees and costs, including expert costs, as provided for by law;

f. Liquidated damages for all claims as allowed by law and as determined at trial;

g. Pre- and post-judgment interest at the highest lawful rates; and

h. Such further relief as justice requires or the law allows.

**PLAINTIFF REQUESTS A TRIAL TO A JURY ON ALL ISSUES SO TRIABLE.**

DATED this 4th day of June, 2020.

Respectfully submitted,

Riley Law LLC
 _/s/Kelli Riley_____

Kelli Riley, # 44828
4689 20th St. Ste. E
Greeley, CO 80634
Telephone: (970) 400-7100
kelli@rileylawllc.com

ATTORNEY FOR PLAINTIFF

**FORM 1.2. DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT AND JURY DEMAND**

DATE FILED: June 4, 2020 4:24 PM
FILING ID: 9973E42AB2C28
CASE NUMBER: 2020CV30395

| | |
|---|---|
| District Court, Weld County, Colorado<br>Court Address:<br>901 9th Ave.<br>Greeley, Colorado 80631<br><br>**ALEXANDRIA SERNA,**<br>Plaintiff<br><br>v.<br><br>**CIMARRON ENERGY, Inc., a foreign corporation,**<br>Defendant | <br><br><br><br><br><br><br>COURT USE ONLY |
| Attorney or Party Without Attorney:<br><br>Kelli Riley, Esq.<br>Riley Law LLC.<br>4689 20 th St. Ste. E<br>Greeley, Colorado 80634<br>Phone Number: 970-573-6442<br><br>E-mail: Kelli@RileyLawLLC.com<br>Atty. Reg. #: 44828 | Case Number:<br><br><br><br><br><br><br>Division<br>Courtroom |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT,<br>COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT<br>AND JURY DEMAND** | |

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

   ☐ This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

   **X** This party is seeking a monetary judgment against another party for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees,

interest and costs, as supported by the following certification:

**X**     By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000."

**Or**

Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3.
**X**   This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

**Date: 06/04/2020**

_/s/KelliRiley_____
**Signature of Party or Attorney for Party**

**NOTICE**
This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim, or third party complaint.

DISTRICT COURT, WELD COUNTY, COLORADO
901 9ᵗʰ Avenue, P.O. Box 2038, Greeley, CO 80632
(970) 475-2400

DATE FILED: June 8, 2020 8:07 AM
CASE NUMBER: 2020CV30395

Plaintiffs:
**ALEXANDER SERNA**

v.

Defendants:
CIMARRON ENERGY, Inc., a foreign corporation

▲ COURT USE ONLY ▲

Case No.
2020CV30395

Division: 5

### Initial Case Management Order
### (for cases filed on or after July 1, 2015)

These procedures apply to all civil cases filed in Weld County District Court on or after July 1, 2015. All counsel and unrepresented parties are expected to comply with the deadlines set below. Please read this Order carefully.

1. **Case Management Deadlines:**

   A. *Service of Process*: Returns of service for all defendants must be filed within 63 days after the date of the filing of the complaint.

   B. *Default Judgment*: Application for default judgment must be filed within 21 days after default has occurred and must comply with C.R.C.P. 55 and 121, §1-14.

   C. *Trial Setting*:

   (1) **For a case governed by C.R.C.P. 16**, a trial setting must be obtained no later than 42 days after the case is at issue, using the procedures in C.R.C.P. 121, § 1-6. The case management conference must be held no later than 49 days after the case is at issue, as required by C.R.C.P. 16(d)(1). The responsible attorney must file and serve a notice to set the case management conference no later than 7 days after the case is at issue. The proposed case management order is due no later than 7 days before the conference.

    (a) The *responsible attorney* means plaintiff's counsel, unless the plaintiff is not represented by counsel, in which case it means the defense counsel who first enters an appearance in the case.

    (b) A case is deemed *at issue* when all parties have been served and all pleadings permitted by C.R.C.P. 7 have been filed, or when defaults or dismissals have been entered against all non-appearing parties, or at such other time as the Court may direct.

(2) **For a case governed by Simplified Procedure under C.R.C.P. 16.1**, the responsible attorney must set the case for trial no later than 42 days after the case is at issue, unless otherwise ordered by the Court, using the procedures in C.R.C.P. 121, § 1-6. The same definitions above of *responsible attorney* and *at issue* date apply.

(3) Unless the parties encounter difficulties in setting trial or other dates, settings are conducted by telephone and do not require a court appearance. To reach the Division in which your case has been assigned, please call during division setting times between the hours of 8:30 a.m. and 10:00 a.m. on Tuesdays and Thursdays:

    (a) Division 1: (970) 475-2510

    (b) Division 4: (970) 475-2540

    (c) Division 5: (970) 475-2550

D. A *District Court Civil Cover Sheet* (JDF 601) **must** be filed with all civil complaints.

## 2. Settlement Plan Deadlines:

A. For all civil cases, a plan for settlement, as required by C.R.C.P. 16(b)(7) §§ 13-22-311 & -313, C.R.S., must be submitted using these procedures.

B. No later than 35 days after the case is at issue, the parties shall explore the possibility of a prompt settlement or resolution of the case.

C. No later than 42 days after the case is at issue, the parties shall submit a document entitled, "Stipulated Plan Regarding Settlement," setting forth their plans for future efforts to settle the case. Unless notified otherwise by the Court, the Stipulated Plan Regarding Settlement is automatically adopted as an Order of the Court.

D.  The *Stipulated Plan Regarding Settlement* (ADR Plan) must include the following:

(1)  Specification of the selected form of ADR. The parties may select any form of ADR defined in § 13-22-302, C.R.S.

(2)  Designation of a provider who has been contacted and has agreed to provide ADR services to the parties. The parties may select any provider available in the community including Office of Dispute Resolution (ODR). ODR offers moderately priced mediation and other ADR services. ODR can be scheduled at www.ColoradoODR.org or call 720-625-5933.

E.  If no stipulated plan is submitted within 42 days after the case is at issue, the Court-ordered plan shall be that the parties must participate in mediation with ODR no later than 63 days before the trial date.

F.  Failure to comply with these procedures may result in sanctions including, but not limited to, loss of trial date.

G.  The parties must certify in the proposed trial management order (due 28 days before trial) that they have complied with the *Stipulated Plan Regarding Settlement* or with ODR.

**3.  Discovery Disputes:**

A.  Consistent with C.R.C.P. 16(b)(14), the Court requires discovery motions to be presented orally, without written motions or briefs.

B.  Counsel and unrepresented parties are expected to first confer about any discovery dispute—in a meaningful way—by telephone or in person to try to resolve it. An exchange of e-mails does not qualify.

C.  If conferral does not resolve the dispute, then set a telephone hearing with the Division assigned to the case. The Court will set this hearing as quickly as possible—within a week or less, depending on the Court's docket.

D.  No later than 3 p.m. on the day before the telephone hearing, the parties may file with the Court (with service on all other parties) a letter of no more than two pages that explains the dispute and provides citations to any critical cases or other legal authority. If necessary to

develop the record for any findings the Court might have to make, the parties may also submit exhibits. Multiple-page exhibits must be highlighted so that the pertinent information is easily identified.

4. **Page Limits:**

   A. The parties must follow the requirements of C.R.C.P. 10(d) and C.R.C.P. 121, § 1-15(1)(a), which the Court strictly enforces unless *prior* permission is obtained to deviate from those requirements.

   B. Depending on the circumstances—including the nature of the violation, the issues involved, and the implications for the parties' substantive rights—the Court may choose to consider only that portion of a motion or brief that complies with these page limit requirements, and ignore the rest; or the Court may choose to strike the entire motion or brief; or the Court may fashion some other appropriate relief.

5. **Court Interpreters:**

   A. As discussed in Chief Justice Directive 06-03, the Court will provide an interpreter during court proceedings for a party to a case; a victim; a witness; the parent, legal guardian, or custodian of a minor party; and the legal guardian or custodian of an adult party, if such person has limited English proficiency.  A court proceeding for which an interpreter will be provided includes any hearing, trial or other appearance before the court.

   B. If an interpreter is required for this case, the attorney or unrepresented party shall notify the Court in writing at least 30 days before the court proceeding and specify the language being requested (e.g., Spanish). If a party has requested an interpreter and it turns out an interpreter is not needed (e.g., the case is continued or a settlement is reached) that party must notify the Court. Notification must be provided to the court at least 72 hours before the scheduled court proceeding.

6. **Miscellaneous:**

   A. The plaintiff shall send a copy of this Order to all other parties who enter an appearance, and shall file a certificate of mailing within 14 days following the entry of appearance.

B. Any attorney entering an appearance in this case who is aware of a related case is ordered to complete and file in this case a document entitled, "Information Regarding Case(s)," to inform the Court of the related case(s) and stating whether consolidation is appropriate.

7. **Sanctions:** If an attorney or unrepresented party fails to comply with this Order, the Court may dismiss the case without prejudice.

*So Ordered:*     BY THE COURT:
June 8, 2020

James F. Hartmann
Chief Judge, 19th Judicial District

Todd Taylor
District Court Judge

Shannon Lyons
District Court Judge

*I certify that the foregoing Initial Case Management Order was dispatched electronically to Plaintiff or Plaintiff counsel via ICCES*

*Dated: June 8, 2020*



Susan Forehand
**Court Judicial Assistant**

*This document was filed pursuant to C.R.C.P. 121, § 1-26. A printable version of the electronically signed document is available in the Court's electronic file.*

Initial Case Management Order
Page 5 of 5

<table>
<tbody>
<tr><td>

DISTRICT COURT, WELD COUNTY, COLORADO
Court Address:
901 9th Avenue, P.O. Box 2038
Greeley, Colorado 80632
970-475-2400

Plaintiff:

ALEXANDRIA SERNA,

v.

Defendant:

CIMARRON ENERGY, Inc., a foreign corporation.

**Attorney for Defendant**:
Christopher M. Leh
Leh Law Group, LLC
8181 Arista Place
Suite 100
Broomfield, CO 80021
Phone Number: 303-327-1415
Email: cleh@lehlawgroup.com
Atty. Reg #: 18886

</td><td>

▲ COURT USE ONLY ▲

Case Number:
2020CV30395

Division 5

</td></tr>
<tr><td colspan="2">

**ENTRY OF APPEARANCE**

</td></tr>
</tbody>
</table>

  Christopher M. Leh of Leh Law Group, LLC, hereby enters his appearance on behalf of Defendant Cimarron Energy, Inc.

  Respectfully submitted this 3rd day of July 2020.

<div style="margin-left:40%">

*s/ Christopher M. Leh*
Christopher M. Leh, #18886
Leh Law Group, LLC
8181 Arista Place, Suite 100
Broomfield, CO 80021
Telephone: 303-327-1415
Facsimile: 720-438-7104
cleh@lehlawgroup.com
**ATTORNEYS FOR CIMARRON ENERGY, INC.**

</div>

**CERTIFICATE OF SERVICE**

I hereby certified that on this 3rd day of July 2020, a true and correct copy of the foregoing **ENTRY OF APPEARANCE** was electronically filed and served using Colorado Court's E-Filing System on the parties of record to:

    Kelli Riley, Esq.
    Riley Law LLC
    4689 20th Street, Suite E
    Greeley, Colorado 80634

                    s/Tina B. Lyda
                    Tina B. Lyda

| | |
|---|---|
| DISTRICT COURT, WELD COUNTY, COLORADO<br>Court Address:<br>901 9th Avenue, P.O. Box 2038<br>Greeley, Colorado 80632<br>970-475-2400<br><br>Plaintiff:<br><br>ALEXANDRIA SERNA,<br><br>v.<br><br>Defendant:<br><br>CIMARRON ENERGY, Inc., a foreign corporation. | |
| **Attorney for Defendant**:<br>Christopher M. Leh<br>Leh Law Group, LLC<br>8181 Arista Place<br>Suite 100<br>Broomfield, CO 80021<br>Phone Number: 303-327-1415<br>Email: cleh@lehlawgroup.com<br>Atty. Reg #: 18886 | ▲ COURT USE ONLY ▲<br><br>Case Number:<br>2020CV30395<br><br>Division 5 |

**DEFENDANT CIMARRON ENERGY, INC.'S <u>UNOPPOSED</u> MOTION FOR AN EXTENSION OF TIME THROUGH AND INCLUDING JULY 10, 2020 TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT AND JURY DEMAND**

Defendant Cimarron Energy, Inc. (Cimarron) respectfully submits this <u>Unopposed</u> Motion for an Extension of Time through and Including July 10, 2020 for Defendant to Answer or Respond to Plaintiff's Complaint and Jury Demand. For the purposes of this Unopposed Motion, Cimarron states as follows:

1. On June 4, 2020, Plaintiff Alexandria Serna filed her Complaint and Jury Demand (Complaint) against Defendant Cimarron Energy, Inc.

2. On June 9, Plaintiff served C.T. Corporation System, Cimarron's agent for service of process.

3.      Defendant's Answer to Plaintiff's Complaint was originally due on June 30.

4.      Cimarron recently retained the undersigned to represent it in the action filed by Plaintiff, and, on July 3, contacted counsel for Plaintiff to indicate that Cimarron would vigorously defend against the lawsuit and to request an extension of time through and including July 13, in which to answer or otherwise respond to the Complaint.

5.      In response to the July 3 email, the undersigned immediately received an auto-respond email from opposing counsel that indicated that she was in trial, would have "limited ability to respond to email from July 3, 2020-July 10, 2020" and would respond on July 13, 2020.

6.      On July 6, opposing counsel emailed the undersigned, stating that "I would agree to an extension of time until July 10."

7.      **RULE 121 § 1-11 CERTIFICATION:** The undersigned states that, as required, he has served this Unopposed Motion on Cimarron.

8.      **RULE 121 § 1-15 CERTIFICATION**: The undersigned conferred through email on July 3 and 6, 2020 as to Plaintiff's position regarding its requested extension of time and agreed to an extension through and including Friday, July 10, 2020, in which to file an answer or other response.

9.      Neither the Parties nor the Court will be prejudiced by the granting of the Unopposed Motion, and this brief extension of time is not being requested for purposes of unreasonable delay.

10.     Based on the foregoing, there is good cause to grant the Unopposed Motion. A proposed order granting the Unopposed Motion has been attached.

WHEREFORE, Cimarron respectfully requests that the Court grant its <u>Unopposed</u> Motion for an Extension of Time through and including Friday, July 10, 2020, in which to answer or otherwise respond to Plaintiff's Complaint and Jury Demand.

Respectfully submitted this 7th day of July 2020.

<div align="right">

*s/ Christopher M. Leh*
Christopher M. Leh, #18886
Leh Law Group, LLC
8181 Arista Place, Suite 100
Broomfield, CO 80021
Telephone: 303-327-1415
Facsimile: 720-438-7104
cleh@lehlawgroup.com
**ATTORNEYS FOR DEFENDANT**
**CIMARRON ENERGY, INC.**

</div>

**CERTIFICATE OF SERVICE**

I hereby certified that on this 7th day of July 2020, a true and correct copy of the foregoing **DEFENDANT CIMARRON ENERGY, INC.'S <u>UNOPPOSED</u> MOTION FOR A 3-DAY EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT AND JURY DEMAND** was electronically filed and served using Colorado Court's E-Filing System on the parties of record to:

> Kelli Riley, Esq.
> Riley Law LLC
> 4689 20th Street, Suite E
> Greeley, Colorado 80634

A copy of the foregoing also was served by email on:

> Scott Thompson
> Cimarron Energy, Inc.
> 11025 Equity Dr., Suite 200
> Houston, TX 77041

> s/Tina B. Lyda
> Tina B. Lyda

4

DISTRICT COURT, WELD COUNTY, COLORADO
Court Address:
901 9th Avenue, P.O. Box 2038
Greeley, Colorado 80632
970-475-2400

Plaintiff:

ALEXANDRIA SERNA,

v.

Defendant:

CIMARRON ENERGY, Inc., a foreign corporation.

▲ COURT USE ONLY ▲

Case Number:
2020CV30395

Division 5

**ORDER GRANTING DEFENDANT CIMARRON ENERGY, INC.'S <u>UNOPPOSED</u> MOTION FOR AN  EXTENSION OF TIME THROUGH AND INCLUDING JULY 10, 2020 TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT AND JURY DEMAND**

Having reviewed Defendant Cimarron Energy, Inc.'s <u>Unopposed</u> Motion for an Extension of Time Through and Including July 10, 2020 to Answer or Otherwise Respond to Plaintiff's Complaint and Jury Demand, having found good cause to grant the Unopposed Motion, and being fully advised, the Court

ORDERS that the Unopposed Motion BE, and hereby IS, GRANTED. Defendant shall have through and including Friday, July 10, 2020 to answer or otherwise respond to Plaintiff's Complaint and Jury Demand.

DATED this _____ day of _____, 2020.

By the Court:

_____
District Judge