IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02000-CMA-STV

ALEXANDRIA SERNA,
Plaintiff,

v.

CIMARRON ENERGY, INC., a foreign corporation,
Defendant.

_____

**AMENDED COMPLAINT**
_____

Plaintiff, AlexAndria Serna, by and through her counsel, Kelli Riley of Riley Law LLC, hereby files this Amended Complaint and Jury Demand against Defendant, Cimarron Energy, and in support thereof, Plaintiff states as follows:

## I.    INTRODUCTION

Plaintiff was disciplined and terminated because she failed to conform to gender stereotypes and "lady-like" behavior among her male colleagues when she was trying to be collegial and build rapport. When she complained about being targeted by her coworkers and supervisor for this behavior, when male colleagues were not, she was terminated two weeks later in a reduction of force of one.

## II.    PARTIES, JURISDICTION, AND VENUE

1. Plaintiff AlexAndria Serna is and was a resident of the Weld County, State of Colorado and performed work for Defendant in Colorado during all relevant times.

2. Plaintiff has exhausted all administrative prerequisites to the filing of this action.

3. Plaintiff received a Notice of Right to Sue from the CCRD on March 6, 2020.

4. Plaintiff received a Notice of Right to Sue on June 2, 2020 from the EEOC.

5. Defendant Cimarron Energy is and was at all relevant times a corporation licensed to and doing business in the State of Colorado

6. At all relevant times, Defendants were an "employer" within the meaning of Title VII.

7. At all relevant times, Defendants were an "employer" within the meaning of the Colorado Anti-Discrimination Act.

8. This Court has jurisdiction over this matter pursuant to COLO. REV. STAT. §§ 13-1-124(1).

9. Venue is proper in this Court pursuant to Colo. R. Civ. P. 98(c) because Defendants are companies doing business in Weld County, Colorado, and all of the events complained of herein occurred in Weld County, Colorado.

### III.   FACTUAL ALLEGATIONS

10. Plaintiff was an employee of Cimarron Energy.

11. Ms. Serna began working for Cimarron Energy on March 18, 2019.

12. Ms. Serna excelled at her work, and was increasing margins, meeting project deadlines, and was asked to do training at other facilities.

13. April 23, 2019, Ms. Serna had a meeting with her supervisor, Larry De La Cruz, and received a written counseling. Many of the statements that formed the basis of the counseling were untrue and others were taken out of context.

14. Many of those statements taken out of context were from joking, friendly conversations with coworkers. These coworkers also made similar comments, and all these coworkers were male.

15. None of her coworkers were disciplined for their comments.

16. Ms. Serna was not given an opportunity to respond to any of the allegations of improper behavior.

17. On May 15, 2019 Arla Bradford, from Human Resources, approached Ms. Serna and told her she would be scheduling a "Communication Mediation" between Ms. Serna and two of her coworkers, Annette Sage and Teri Swain.

18. Ms. Serna had come into a new role that took over some responsibilities from Ms. Sage and Ms. Swain and there was some lack of clarity about some of those roles.

19. Ms. Serna expressed concern about the mediation being personal rather than professional, and asked to set an agenda for the mediation.

20. Ms. Bradford cancelled the mediation and pulled Ms. Serna into a meeting with Ms. Bradford and Mr. De La Cruz.

21. Ms. Bradford called Ms. Serna "combative" nearly a dozen times, called her "a bull in a china shop," and called her "unapproachable."

22. Ms. Bradford asked Ms. Serna if she would like to resign.

23. Ms. Serna asked for a list of objectives to complete to improve on, but never received that list.

24. Concerned, Ms. Serna wrote a letter to Gary Buck around May 28, 2019 detailing her concerns and the steps taken by Ms. Bradford and Mr. De La Cruz up to that point.

25. Ms. Serna specifically stated she felt she was being singled out and that she was trying to fit in to the culture and build a team.

26. On June 12, 2019, two weeks later, Ms. Serna was the only employee who was laid off.

27. Ms. Serna was one of only a small handful of female employees at Cimarron Energy.

28. Ms. Serna came from a background of working in male-dominated industries and felt comfortable and confident navigating those industries.

29. Ms. Sage and Ms. Swain complained about her unladylike demeanor and jokes, but not the inappropriate behavior of male coworkers.

30. Only Ms. Serna was disciplined.

31. Ms. Serna filed a charge of discrimination on July 24, 2019.

32. Plaintiff AlexAndria Serna was paid $34,000/year less than one male counterpart in the same role, doing substantially equal work, and $7,000/year less than another male counterpart doing substantially equal work in the same role. Both males had the same job title.

33. The other female holding the same job title and role was also paid less than Plaintiff.

34. Plaintiff was more qualified than the males holding these roles.

## FIRST CLAIM FOR RELIEF
### Sex Discrimination and Retaliation in Violation of CADA

35. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

36. Plaintiff is a both woman and, as such, a member of the class of persons protected from sex discrimination under CADA.

37. At all relevant times, Plaintiff performed the functions of her jobs competently and was qualified for her position with Defendant.

38. Plaintiff was disciplined and terminated because of her sex and because she complained about being targeted for failing to conform to gender stereotypes.

39. Plaintiff's sex was the motivating factors in Defendant's conduct causing Plaintiff's damages.

40. Defendant is liable for the acts and omissions of its agents and employees. Defendant, by and through its agents, discriminated against Plaintiff on the basis of her sex.

41. Defendant retaliated against Plaintiff when she engaged in protected activity by terminating her employment.

42. As a result of Defendants' conduct, Plaintiffs have suffered significant injuries, damages, and losses.

43. Defendant's conduct was engaged in with malice or with reckless indifference to Plaintiff's rights pursuant to CADA.

### SECOND CLAIM FOR RELIEF
**Discrimination on the Basis of Sex and Retaliation in Violation of 42 U.S.C § 1981, Title VII of the Civil Rights Act of 1964**

44. Plaintiff incorporates by reference all of the above paragraphs.

45. Ms. Serna, as a woman, is a member of the class of persons protected from sex discrimination under 42 U.S.C § 1981, Title VII of the Civil Rights Act of 1964.

46. At all relevant times, Plaintiff performed the functions of her job competently and was qualified for her position with Defendant.

47. Plaintiff was terminated because of her sex.

48. Plaintiff's sex was the motivating factors in Defendant's conduct causing her damages.

49. Defendant is liable for the acts and omissions of its agents and employees. Defendant, by and through its agents, discriminated against Plaintiff on the basis of her sex.

50. Defendant retaliated against Plaintiff when she engaged in protected activity by terminating her employment.

51. As a result of Defendant's conduct, Plaintiff has suffered damages and losses.

52. Defendant's conduct was engaged in with malice or with reckless indifference to Plaintiff's federally-protected rights within the meaning of Title VII.

### THIRD CLAIM FOR RELIEF
### Violation of Equal Pay Act 67

53. Plaintiff incorporates all preceding and subsequent paragraphs as if fully set forth herein.

54. Defendant is an employer subject to the Equal Pay Act.

55. Defendant employed "employees," including Plaintiff, as defined by the Equal Pay Act at all relevant times.

56. Plaintiff performed work in a position requiring substantially equal skill, effort and responsibility, under similar working conditions, as male employees in the same position at Cimarron Energy.

57. Plaintiff was paid substantially less than male employees holding substantially equal positions at Defendant.

58. Defendant's unequal pay of Plaintiff, as compared to her male colleagues, was intentional and/or willful.

59. As a direct result of the Defendant's unlawful and intentional conduct, including conduct that was willful, wonton and in reckless disregard for Plaintiff's rights, Ms. Serna suffered both economic and non-economic losses and injuries in an amount to be proven at trial.

## IV.   RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants, and award them all relief as allowed by law and equity, including, but not limited to the following:

a. Back pay, in amounts to be determined at trial;

b. Front pay, in lieu of reinstatement;

c. Compensatory and consequential damages, including but not limited to emotional distress damages, in amounts to be determined at trial;

d. Injunctive or equitable relief as appropriate;

e. Attorney's fees and costs, including expert costs, as provided for by law;

f. Liquidated damages for all claims as allowed by law and as determined at trial;

g. Pre- and post-judgment interest at the highest lawful rates; and

h. Such further relief as justice requires or the law allows.

**PLAINTIFF REQUESTS A TRIAL TO A JURY ON ALL ISSUES SO TRIABLE.**

DATED this 4th day of May, 2021.

          Respectfully submitted,

          Riley Law LLC
          /s/Kelli Riley
          Kelli Riley, # 44828
          4689 20th St. Ste. E
          Greeley, CO 80634
          Telephone: (970) 400-7100
          kelli@rileylawllc.com

          ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this May 4, 2021, I electronically filed a true and correct copy of the foregoing AMENDED COMPLAINT with the Clerk of Court via the CM/ECF system which will send notification of such filing and service upon registered users.

Christopher M. Leh
Leh Law Group, LLC
8181 Arista Place, #100
Broomfield, Colorado 80021
Phone: (303) 327-1415
cleh@lehlawgroup.com

          /s/ Kelli Riley
          Kelli Riley