IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-02000-CMA-NYW

ALEXANDRIA SERNA

    Plaintiff,

v.

CIMARRON ENERGY, INC.,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

This matter is before the Court on Defendant Cimarron Energy, Inc.'s Motion for Summary Judgment (the "Motion"). (Doc. # 72.) The Motion is denied for the following reasons.

I. **BACKGROUND**

This is an employment discrimination and retaliation case. Plaintiff Alexandria Serna ("Plaintiff") began working for Cimarron Energy, Inc. ("Defendant") in March 2019. (Doc. # 58 at ¶¶ 10–11.) Just over a month after her start date, Plaintiff had a meeting with her supervisor and received written counseling regarding inappropriate comments she made. (*Id.* at ¶ 13; Doc. # 85-1 at 17.) According to Plaintiff, her male coworkers made similar comments, and they were not similarly disciplined. (Doc. # 58 at ¶¶ 14–15; Doc. # 85-1 at 22–23; Doc. # 80 at 6–8.)

In her written counseling, Plaintiff was informed that she was "creating an intimidating hostile un[]professional working environment," and she was provided with examples of things she had said that were deemed inappropriate. (Doc. # 85-1 at 17–18.) Plaintiff was informed that she would need to "adjust your leadership style and your deliver [sic] when communicating, to be effective and respective [sic] to others." (*Id.* at 18.)

Further, a few weeks after the written counseling session, Arla Bradford from Human Resources spoke with Plaintiff and described her as "a bull in a china shop," "combative," and "unapproachable." (Doc. # 58 at ¶ 21; Doc. # 80 at 8.) Other employees described her as "combative" and "not ladylike." (Doc. # 85-1 at 13.) According to Plaintiff, her supervisor told her to "learn to communicate" like two women who worked with Plaintiff. (*Id.*)

Following her discussion with Ms. Bradford, Plaintiff wrote a letter and sent it to Human Resources Director Gary Buck, detailing her concerns about the way she had been treated, including the way Ms. Bradford treated her. (Doc. # 58 at ¶ 24; Doc. 73 at 15–17.) In the letter, Plaintiff stated that she felt like she was being "singled out and bullied on several occasions." (Doc. # 73 at 15.)

Two weeks after sending the letter, Plaintiff was laid off from her job. (Doc. # 58 at ¶ 26; Doc. # 85-1 at 30.) Ms. Bradford sent an email to Plaintiff's supervisor, with Plaintiff's name listed in the email, stating "below are the employees we intend to release tomorrow morning. Please review and approve." (Doc. # 85-1 at 30.) In the email, Ms. Bradford included a notation under Ms. Serna's name that said: "Final written

warning – Unprofessional behavior/Hostile Working Environment." (*Id.*) In her deposition, Ms. Bradford testified that she saw the letter Plaintiff drafted before Plaintiff was terminated and before Ms. Bradford sent the email with the name of the employees to "release." (Doc. # 85-1 at 27.)

Plaintiff also alleges in this lawsuit that she was paid $34,000 per year less than one male counterpart in the same role and $7,000 per year less than another male counterpart doing substantially equal work in the same role. (Doc. # 58 at ¶ 32.)

Plaintiff brought claims against Defendant for: (1) Sex Discrimination and Retaliation in Violation of the Colorado Antidiscrimination Act ("CADA"); (2) Discrimination on the Basis of Sex and Retaliation in Violation of Title VII of the Civil Rights; and (3) Violation of the Equal Pay Act.

Defendant seeks summary judgment on all of Plaintiff's claims. (Doc. ## 72; 73.)[1] Defendant argues that Plaintiff cannot prove her claims under CADA, Title VII, or the Equal Pay Act. (Doc. # 72.) However, the Court finds that there are genuine factual disputes which preclude summary judgment in this case.

## II.     LEGAL STANDARDS

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper

---

[1] Defendant also filed a Motion for Leave to Incorporate by Reference Corrections of Scriviner's [sic] Errors in Its Motion for Summary Judgment and Brief in Support and Movant's Appendix and to File Movant's Amended Appendix. (Doc. # 78.) The Court granted the Motion (Doc. # 79), and Defendant filed the amended appendix (Doc. # 80). The Court has considered these filings.

disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okla.*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *See id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id.* In attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant need simply point out to the Court a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met its initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Id.* Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. Stated differently, the party must provide "significantly probative evidence" that would support a

verdict in his favor. *Jaramillo v. Adams Cnty. Sch. Dist. 14*, 680 F.3d 1267, 1269 (10th Cir. 2012). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

### III.   ANALYSIS

Upon consideration of the Motion, the related briefing, and the applicable law, the Court finds that there are genuine disputes of material fact that preclude summary judgment on Plaintiff's claim of violation of the Equal Pay Act and her claims of sex discrimination and retaliation under Title VII and CADA, including, but not limited to:

- Whether Plaintiff raised concerns in her letter to Mr. Buck that she was being discriminated against on the basis of sex;
- Whether Plaintiff was discriminated against based on gender stereotyping;
- Whether Plaintiff was terminated based on her discipline history, including discipline related to alleged sex discrimination and alleged failure to conform to gender stereotypes;
- Whether Plaintiff was treated less favorably than her male coworkers;
- Whether Plaintiff was terminated because of the letter she wrote to Mr. Buck;
- Whether Plaintiff was engaged in protected activity when she sent the letter to Mr. Buck;
- Whether Plaintiff was paid less than male coworkers while performing work that was substantially equal to that of her male coworkers.

In light of the fact that there are material facts in dispute, the Court finds that summary judgment is not appropriate.

## IV.    CONCLUSION

For the foregoing reasons, Defendant Cimarron Energy, Inc.'s Motion for Summary Judgment Doc. # 72) is DENIED.

DATED:  April 18, 2022

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge